UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OPAL JEAN LENNIX | CIVIL ACTION |
| VERSUS | NO. 20-2755 |
| ALLIED UNIVERSAL SECURITY | SECTION: "G"(1) |

### ORDER AND REASONS

Pending before the Court is "Defendant Allied Universal's Motion to Dismiss."[1] The pending motion was set for submission on March 10, 2021.[2] Pursuant to Local Rule 7.5, opposition to a motion must be filed eight days before the noticed submission date. To date, *pro se* Plaintiff Opal Lennix ("Plaintiff") has filed no opposition and therefore the motion to dismiss is deemed to be unopposed. This Court has authority to grant a motion as unopposed, although it not required to do so.[3] Considering the motion, the memorandum in support, the record, and the applicable law, the Court denies the motion and grants Plaintiff until May 3, 2021 to amend the Complaint.

### I. Background

On October 12, 2019, Plaintiff filed a Chapter 13 Voluntary Petition in the Bankruptcy Court for the Eastern District of Louisiana (the "Bankruptcy Petition").[4] On December 23,

---

[1] Rec. Doc. 10.

[2] *Id.*

[3] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.,* 6 F.3d 350, 356 (5th Cir.1993).

[4] *In re Opan Jean Lennix*, 19-12786 (Bankr. E.D. La. 2019), Rec. Doc. 1. *See also Norris v. Hearst Tr.*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

2020, the bankruptcy case was closed.[5]

On October 7, 2020, Plaintiff filed a "Complaint for Employment Discrimination" in this Court, asserting claims under the Americans with Disabilities Act, 42 U.S.C. §§ 12112–12117 ("ADA").[6] In the Complaint, Plaintiff alleges that she is employed by Defendant Allied Universal ("Defendant").[7] Plaintiff further alleges that Defendant discriminated against her on the basis of her medical conditions of vertigo and hearing loss.[8] Plaintiff claims that Defendant failed to hire Plaintiff, terminated her employment, failed to accommodate her disability, subjected her to unequal terms/conditions of employment, and retaliated against her.[9] In the Complaint, Plaintiff states that she filed a claim regarding the alleged discrimination by Defendant with the Equal Employment Opportunity Commission or her Equal Employment Opportunity counselor on November 19, 2019.[10] Plaintiff seeks damages.[11]

Defendant filed the instant motion to dismiss on February 1, 2021.[12] The instant motion was noticed for submission on March 10, 2021.[13] Plaintiff has not filed an opposition to the instant motion.

---

[5] *In re Opan Jean Lennix*, 19-12786 (Bankr. E.D. La. 2019), Rec. Doc. 44.

[6] Rec. Doc. 1.

[7] *Id.* at 3.

[8] *Id.* at 4.

[9] *Id.*

[10] *Id.* at 5.

[11] *Id.* at 6.

[12] Rec. Doc. 10.

[13] *Id.*

## II. Parties' Arguments

In the instant motion, Defendant seeks dismissal of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).[14] Defendant argues that Plaintiff's claims are barred by the doctrine of judicial estoppel because they were not disclosed by Plaintiff in her Chapter 13 Bankruptcy proceeding.[15] Specifically, Defendant argues that Plaintiff was required to disclose to the bankruptcy court any claims she had against third parties.[16] Defendant claims that Plaintiff "filed for bankruptcy just days after being terminated" from her employment with Defendant and during the pendency of bankruptcy proceedings, Plaintiff "actively pursued claims against [Defendant] with the [Equal Employment Opportunity Commission] and demanded money from [Defendant]." [17] According to Defendant, dismissal is warranted pursuant to the judicial estoppel doctrine because (1) Plaintiff unequivocally asserted a position in this action inconsistent with her prior filings in her bankruptcy proceeding; (2) the bankruptcy court accepted Plaintiff's filings; and (3) Plaintiff cannot reasonably claim to have acted inadvertently.[18]

Plaintiff has not filed any opposition to the instant motion.

## III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for

---

[14] *Id.*

[15] *Id.*

[16] *Id.* at 7.

[17] *Id.*

[18] *Id.* at 7–9.

failure to state a claim upon which relief can be granted."[19] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[20] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."[21]

The "[f]actual allegations must be enough to raise a right to relief above the speculative level."[22] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[23] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[24]

Although a court must accept all "well-pleaded facts" as true, a court need not accept legal conclusions as true.[25] "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations."[26] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[27] If the factual allegations are insufficient to raise a right to relief above the speculative level, or an

---

[19] Fed. R. Civ. P. 12(b)(6).

[20] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted).

[22] *Twombly*, 550 U.S. at 555. Put another way, a plaintiff must plead facts that allow the court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

[23] *Iqbal*, 556 U.S. at 678.

[24] *Id*.

[25] *Id*. at 677–78.

[26] *Id*. at 679.

[27] *Id*. at 678.

"insuperable" bar to relief exists, the claim must be dismissed."[28]

A court considering a motion to dismiss "must limit itself to the contents of the pleadings, including attachments thereto."[29] Attachments to a motion to dismiss are, however, "considered part of the pleadings" if "they are referred to in the plaintiff's complaint and are central to her claim."[30] "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated."[31] In addition, a court may consider matters of which judicial notice may be taken.[32]

## IV. Analysis

Defendant argues that Plaintiff's claims are barred by the doctrine of judicial estoppel because they were not disclosed in Plaintiff's Chapter 13 Bankruptcy Petition.[33] Plaintiff has not filed any opposition to the instant motion. This Court has authority to grant a motion as unopposed, although it not required to do so.[34]

"Judicial estoppel is a common law doctrine that prevents a party from assuming inconsistent positions in litigation."[35] Judicial estoppel functions "to protect the integrity of the

---

[28] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[29] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[30] *Id.* at 498–99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)) (internal quotation marks omitted).

[31] *Carter v. Target Corp.*, 541 F. App'x 413, 416–17 (5th Cir. 2013) (quoting *Collins*, 224 F.3d at 498–99).

[32] *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003)

[33] Rec. Doc. 10.

[34] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.,* 6 F.3d 350, 356 (5th Cir.1993).

[35] *Primary P & I Underwriters (In re Superior Crewboats, Inc.),* 374 F.3d 330, 334 (5th Cir. 2004).

judicial process", by "prevent[ing] parties from playing fast and loose with the courts to suit the exigencies of self interest."[36] The Fifth Circuit has applied judicial estoppel to bankruptcy proceedings and explained the rationale for invoking judicial estoppel to prevent a party who failed to disclose a claim in bankruptcy proceedings from asserting that claim after emerging from bankruptcy.[37] The Fifth Circuit explained "that the integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets."[38] Under Fifth Circuit precedent, judicial estoppel has three elements: "(1) The party against whom it is sought has asserted a legal position that is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently."[39] The Court analyzes each element in turn.

A. *Whether Plaintiff has Asserted a Legal Position Plainly Inconsistent with a Prior Position*

Defendant argues that Plaintiff has asserted a legal position plainly inconsistent with her prior filings in the bankruptcy proceeding by failing to disclose during the bankruptcy proceeding that she intended to pursue potential claims against Defendant in this action.[40] "[T]he Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and unliquidated claims."[41] Schedule A/B of the

---

[36] *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999) (quoting *Brandon v. Interfirst Corp.,* 858 F.2d 266, 268 (5th Cir. 1988)).

[37] *Id.* at 208.

[38] *Id.* (quoting *Rosenshein v. Kleban,* 918 F.Supp. 98, 104 (S.D.N.Y.1996)).

[39] *Allen v. C&H Distributors, LLC*, 813 F.3d 566, 572 (5th Cir. 2015).

[40] Rec. Doc. 10-1 at 7.

[41] *Browning Mfg. v. Mims (In re Coastal Plains, Inc.),* 179 F.3d 197, 207–08 (5th Cir. 1999).

"Voluntary Petition for Individuals Filing for Bankruptcy" asks bankruptcy filers to disclose "claims against third parties, whether or not [the filer] ha[s] filed a lawsuit or made a demand for payment."[42]

In the Schedule A/B form attached to the Bankruptcy Petition, Plaintiff stated that she had a possible employment discrimination suit against her former employer FedEx.[43] However, Plaintiff did not state that she had a possible claim against Defendant.[44] Although this case was filed after Plaintiff filed for bankruptcy, the Fifth Circuit has held that "[t]he duty of disclosure in a bankruptcy proceeding is a continuing one, and a debtor is required to disclose all potential causes of action."[45] Moreover, in the Complaint, Plaintiff states that she filed a claim regarding the alleged discrimination by Defendant with the Equal Employment Opportunity Commission or her Equal Employment Opportunity counselor on November 19, 2019, while her bankruptcy proceeding was pending.[46] Because the instant litigation is "plainly inconsistent" with her position in the bankruptcy proceeding, the first element of judicial estoppel is satisfied.

### B.   *Whether a Court Accepted the Prior Position*

Defendant contends that the bankruptcy court accepted Plaintiff's prior position when her Chapter 13 bankruptcy petition was reviewed.[47] The Fifth Circuit has held that a bankruptcy court accepts a debtor's position when it relies on the debtor's asset schedules and confirms the

---

[42] Rec. Doc. 10-2 at 34.

[43] *Id.*

[44] *Id.*

[45] *Coastal Plains*, 179 F.3d at 208 (internal citation omitted).

[46] Rec. Doc. 1 at 5.

[47] Rec. Doc. 10-1 at 8.

debtor's bankruptcy plan.[48] In this case, the bankruptcy court held a hearing on confirmation of Plaintiff's Chapter 13 bankruptcy plan and subsequently issued an order denying confirmation of Plaintiff's bankruptcy plan, stating that it had "considered the merits of the Plan."[49] Therefore, the second element of judicial estoppel appears to be satisfied because the bankruptcy court reviewed and relied on Plaintiff's schedules before denying confirmation of her bankruptcy plan.

C.    *Whether Plaintiff Acted Inadvertently*

Defendant asserts that Plaintiff "cannot reasonably claim" to have acted inadvertently in failing to disclose her possible claim against Defendant in the bankruptcy proceeding.[50] Judicial estoppel does not apply if Plaintiff acted inadvertently.[51] Inadvertence can be established by showing "either that [Plaintiff] did not know of the inconsistent position or that [Plaintiff] had no motive to conceal it from the court."[52] The Fifth Circuit has found that "the motivation sub-element is almost always met if a debtor fails to disclose a claim or possible claim to the bankruptcy court. Motivation in this context is self-evident because of potential financial benefit resulting from the nondisclosure."[53]

To prove lack of knowledge, Plaintiff must show that she was unaware of the facts

---

[48] *See, e.g.*, *Jethroe v. Omnova Sols., Inc.*, 412 F.3d 598, 600 (5th Cir. 2005); *In re Flugence,* 738 F.3d 126, 130 (5th Cir. 2013) (holding that the judicial acceptance element was satisfied when "the bankruptcy court accepted the prior position by omitting any reference to the personal-injury claim in the modified plan" because "[h]ad the court been aware of the claim, it may well have altered the plan").

[49] *In re Opan Jean Lennix*, 19-12786 (Bankr. E.D. La. 2019), Rec. Doc. 31.

[50] Rec. Doc. 10-1 at 9.

[51] *Allen*, 813 F.3d at 573.

[52] *Jethroe*, 412 F.3d at 600–01.

[53] *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 262 (5th Cir. 2012) (quoting *Thompson v. Sanderson Farms, Inc.,* No. 3:04CV837–WHB–JCS, 2006 U.S. Dist. LEXIS 48409, at *12–13 (S.D. Miss. May 31, 2006)).

giving rise to her claim. Plaintiff has not provided any briefing in response to Defendant's claim that she is judicially estopped from asserting her claims in the instant action. In the instant motion, Defendant argues that "Plaintiff was undeniably aware of the duty to disclose lawsuits on her financial disclosure forms as she disclosed the potential claims she had against her former employer, FedEx."[54] As discussed above, representations made by Plaintiff in the Complaint demonstrate that Plaintiff may have been aware of her claim against Defendant on November 19, 2019 while the bankruptcy proceeding was ongoing. However, considering Plaintiff's *pro se* status and because Plaintiff did not address judicial estoppel in the Complaint, the Court grants Plaintiff leave to amend the Complaint to address whether she acted inadvertently in failing to disclose this claim during the pendency of the bankruptcy proceedings.

## V. Conclusion

Considering the foregoing reasons,

**IT IS HEREBY ORDERED** that is "Defendant Allied Universal's Motion to Dismiss"[55] is **DENIED.**

---

[54] Rec. Doc. 10-1 at 9.

[55] Rec. Doc. 10.

**IT IS FURTHER ORDERED** that Plaintiff Opal Lennix is granted leave to amend the Complaint by June 4, 2021 to allege facts pertinent to the applicability of the judicial estoppel doctrine in this case. If Plaintiff fails to amend the Complaint, or if the amendment does not cure the deficiencies identified in this Order, Defendant is granted leave to file a second motion to dismiss.

**NEW ORLEANS, LOUISIANA**, this  14th  day of May, 2021.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**